**[J-110-2020][Baer, C.J. – M.O.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COREY DONOVAN; LINDA DONOVAN, | : | No. 17 EAP 2020 |
| | : | |
| Appellees | : | Certification of Questions of State Law |
| | : | from the United States Court of Appeals |
| v. | : | for the Third Circuit at No. 19-2733 |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Appellant | : | ARGUED:  December 1, 2020 |

### *DISSENTING OPINION*

**JUSTICE SAYLOR**                              **DECIDED:  August 17, 2021**

In *Gallagher v. GEICO Indemnity Insurance Co.*, 650 Pa. 600, 201 A.3d 131 (2019), this Court mandated inter-policy stacking upon its refusal to enforce a household vehicle exclusion where a single customer purchased both policies.  *See id.* at 613-14, 201 A.3d at 138-39.  I dissented in *Gallagher*, and I have taken the view that Section 1738 of the Vehicle Code, 75 Pa.C.S. §1738, was not meant to invalidate policy exclusions, including household exclusions, which are designed to allow for the collection of reasonable premiums in exchange for the insurance provided.  *See, e.g.*, *Erie Ins. Exch. v. Baker*, 601 Pa. 355, 367, 972 A.2d 507, 514-15 (2008) (Saylor, J.,

concurring in result); *see also Gallagher*, 650 Pa. at 615, 201 A.3d at 139 (Wecht, J., dissenting).[1]

I recognize that I am bound by the holding of *Gallagher*. Nevertheless, the present decision represents an extension of that holding to the distinct circumstance where two different individuals purchased the policies in question. Thus, I note my dissent here as well.

---

[1] Indeed, a reasonable argument can be made that the General Assembly expected that such exclusions would be the ordinary means by which inter-policy stacking would, in effect, be waived; the relevant statutory provisions only discuss the concept of stacking as such in relation to a single policy, and the sole statutory form by which an insured may waive stacking also contemplates only intra-policy stacking. *See* 75 Pa.C.S. §1738(b)-(d); Majority Opinion, *slip op.* at 12 n.9.